# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| SARAH BANKS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-00018-N |
| | ) | |
| CITY OF GREENSBORO, | ) | |
| ALABAMA, and | ) | |
| AARON EVANS, SR., | ) | |
|     Defendants. | ) | |

## ORDER

Defendant the City of Greensboro, Alabama ("the City"), has filed a motion to dismiss the claims asserted against it in Counts II, III, and V of the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 10). Those counts allege state law causes of action for, respectively, assault and battery, outrage, and wanton hiring, training, and supervision. (*See* Doc. 1 at 11 – 12, 13 – 14).

The City asserts that it is immune from liability for such claims under Ala. Code § 11-47-190, which provides, in relevant part: "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty…" Thus, "under § 11–47–190, a city is liable for negligent acts of its employees within the scope of their employment, but not intentional torts of its employees." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 743 (11th Cir. 2010). *See also Ex parte City of Gadsden*, 718 So. 2d 716, 721 (Ala. 1998)

("Section 11–47–190, Ala. Code 1975, absolves a city from liability for an intentional tort committed by one of its agents…"); *Morrow v. Caldwell*, 153 So. 3d 764, 769 (Ala. 2014) (per curiam) ("There is no exception in [§ 11-47-190] allowing an action against a municipality for the wanton or willful conduct of its agents or employees."). In her response to the motion, Plaintiff Sarah Banks does not dispute the application of Alabama law to the subject claims, acknowledges that "the City cannot be liable" for the intentional conduct of its employees, and agrees that the claims against the City in Counts II, III, and V "must be dismissed with prejudice." (Doc. 15).

The Court agrees that, under § 11-47-190, the City is immune from liability on the claims against it in Counts II,[1] III,[2] and V.[3] Accordingly, the City's Rule 12(b)(6) motion to dismiss (Doc. 10) is **GRANTED**, and those claims

---

[1] While the Alabama Supreme Court has recognized certain kinds of "negligent assault and battery" can "f[a]ll within the conduct for which the legislature has prescribed a remedy under s 11-47-190[,]" *City of Birmingham v. Thompson*, 404 So. 2d 589, 592 (Ala. 1981), Count II alleges that the unwanted touching giving rise to Banks's assault and battery claims "was intentional," (Doc. 1 at 11), and Banks has not attempted to argue otherwise in opposition to the present motion.

[2] *See Ex parte Bole*, 103 So. 3d 40, 52 (Ala. 2012) ("The **intentional** infliction of emotional distress is also known as the tort of outrage." (emphasis added))

[3] *See Town of Loxley v. Coleman*, 720 So. 2d 907, 909 (Ala. 1998) ("This Court has construed § 11–47–190 to exclude liability for wanton misconduct."); *Hilliard v. City of Huntsville*, 585 So. 2d 889, 892 (Ala. 1991) ("Section 11–47–190 limits the liability of municipalities to injuries suffered through 'neglect, carelessness or unskillfulness.' *Neighbors v. City of Birmingham*, 384 So. 2d 113 (Ala. 1980). To construe this statute to include an action for wanton conduct would expand the language of the statute beyond its plain meaning. For this reason, Hilliard's claim of wantonness was properly dismissed.").

are hereby **DISMISSED with prejudice**.[4]

**DONE** and **ORDERED** this the 27th day of February 2019.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Under S.D. Ala. GenLR 73(c) and 28 U.S.C. § 636(c), this case has been randomly assigned to the undersigned Magistrate Judge for all purposes, as set out in the Notices of Assignment to United States Magistrate Judge for Trial entered January 16, 2019 (Doc. 6), and February 14, 2019. (Doc. 14). The second Notice of Assignment informs the parties that, if the parties do not file written consent to the Magistrate Judge's jurisdiction by March 12, 2019, "the Clerk of Court will presume that the parties do not consent to the Magistrate Judge's jurisdiction and the action will be assigned to a United States District Judge." However, both Notices of Assignment make clear that the parties "have the right to have this action reassigned to a United States District Judge for trial and disposition," and the first Notice of Assignment states that "[a]ny party may request reassignment by" confidentially emailing the Clerk of Court a "Request for Reassignment to a United States District Judge." *See also* S.D. Ala. GenLR 73(c)(3) ("Prior to formal reference…, any party to a referred action may obtain reassignment to a District Judge by sending the Clerk a Request for Reassignment to a United States District Judge for Trial and Disposition.").

Inasmuch as no party, to date, has sent the Clerk of Court a Request for Reassignment, there presently exists implicit consent to the undersigned conducting all proceedings in this case, including ruling on the present dispositive motion. *See Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) ("[T]he Supreme Court held in *Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003), that consent to a magistrate judge's jurisdiction can be inferred from a party's conduct during litigation. *Id.* at 582, 123 S. Ct. 1696. The Court refused to adopt a bright-line rule requiring express consent, instead accepting implied consent 'where ... the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge.' *Id.* at 589–90, 123 S. Ct. 1696.").